UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HUMAN RIGHTS DEFENSE CENTER,
a not-for-profit corporation,

    Plaintiff,

  v.

MILWAUKEE COUNTY, WISCONSIN;
DENITA R. BALL, Sheriff, individually and in
her official capacity; and JOHN AND JANE
DOES 1-10, Staff, individually and in their
official capacities,

    Defendants.

Case No.

JURY TRIAL DEMANDED

---

## COMPLAINT

---

### INTRODUCTION

1.  The United States Supreme Court has long recognized that the freedom for incarcerated individuals to correspond with and read materials from the outside world carries important benefits to both prisoners and society as a whole. Plaintiff, the Human Rights Defense Center ("HRDC" or "Plaintiff), provides incarcerated persons across the United States with publications about their legal and civil rights, as well as options for accessing education while incarcerated. Defendants' policies and practices, however, frustrate the HRDC's mission by unconstitutionally prohibiting delivery of Plaintiff's publications to prisoners housed in the Milwaukee County Jail ("Jail" or "Facility"), in violation of the First Amendment. Defendants' policies and practices also deny due process of law to senders, such as Plaintiff, whose mail is censored, by failing to provide notice of and an opportunity to challenge each instance of censorship as required by the Fourteenth Amendment. HRDC brings this action to enjoin

Defendants' censorship of its books and magazines sent to prisoners held in the Jail, and to require Defendants to provide due process when they reject items sent to prisoners at the Facility.

## JURISDICTION AND VENUE

2. This suit is brought under 42 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

3. Venue is proper under 28 U.S.C. § 1391(b). At least one Defendant resides within this judicial district, and the events giving rise to the claims asserted here all occurred within this judicial district.

4. HRDC's claims for relief are brought pursuant to 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the First and Fourteenth Amendments to the Constitution and laws of the United States.

5. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. § § 2201 and 2202, and this Court also has jurisdiction to award damages against all Defendants.

6. HRDC's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

## PARTIES

7. The Human Rights Defense Center is a not-for-profit charitable organization recognized under § 501(c)(3) of the Internal Revenue Code, incorporated in the state of Washington and with principal offices in Lake Worth, Florida. The purpose of the HRDC is to

2

educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society. The HRDC accomplishes its missions through advocacy, litigation, and the publication and distribution of books, magazines, and other information concerning prisons and prisoner rights.

8. Defendant Milwaukee County, Wisconsin ("County") is a unit of government organized and existing under the laws of the State of Wisconsin. The County operates the Jail, and it was and is responsible for adopting and implementing policies governing incoming mail and publications for prisoners at that facility.

9. Defendant Denita R. Ball is the elected Sheriff of Milwaukee County, Wisconsin. She has held that position since November 2022. Defendant Ball is employed by and is an agent of the County, and is responsible for the overall management of the Jail. She has ultimate responsibility for the promulgation and enforcement of all Jail policies, practices, and procedures, including the policies, practices, and procedures relating to mail and the reading material that is available to prisoners. She is sued in her individual and official capacities.

10. The true names and identities of Defendant DOES 1 through 10 are unknown to the HRDC. Each of Defendants DOES 1 through 10 is or was employed by or were agents of the County and/or Defendant Ball. Defendant DOES 1 through 10 were personally involved in the adoption and/or implementation of the publications and mail policies at the Jail.

11. At all times material to this action, the actions of all Defendants as alleged here were taken under the authority and color of state law.

12. At all times material to this action, all Defendants were acting within the course and scope of their employment as agents and/or employees of the County.

## FACTUAL ALLEGATIONS

### A. HRDC's Mission and Outreach to Detention Facilities

13. For more than 30 years, HRDC's mission has been public education, advocacy, and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. HRDC's mission, if realized, has a valuable effect on public safety.

14. To accomplish its mission, HRDC publishes and distributes books, magazines, and other materials containing news and analysis about prisons, jails, and other detention facilities, prisoners' rights, court rulings, management of prison facilities, prison conditions, and other matters pertaining to the rights and interests of incarcerated individuals.

15. HRDC has thousands of customers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. Since its creation in 1990, HRDC has sent its publications to prisoners and librarians in more than 3,000 correctional facilities located across all fifty states, including the Federal Bureau of Prisons and various facilities within the State of Wisconsin, such as FCI Oxford, the Taylor County Jail, and numerous prisons run by the Wisconsin Department of Corrections.

16. HRDC publishes and distributed a 72-page monthly magazine titled *Prison Legal News: Dedicated to Protecting Human Rights*, which contains news and analysis about prisons, jails, and other detention facilities, prisoners' rights, court opinions, management of prison facilities, prison conditions, and other matters pertaining to the rights and interests of incarcerated individuals. In 2013, *Prison Legal News* received the First Amendment Award from the Society of Professional Journalists.

4

17. More recently, HRDC also began publishing a second monthly magazine, *Criminal Legal News*. This magazine focuses on review and analysis of individual rights, court rulings, and news about criminal justice-related issues.

18. HRDC also publishes and/or distributes dozens of different softcover books about the criminal justice system, legal reference books, and self-help books of interest to prisoners. Their books are designed to foster a better understanding of criminal justice policies to allow prisoners to educate themselves about related issues, such as legal research, how to write a business letter, health care issues, and similar topics. HRDC also publishes and distributes the *Prisoners' Guerilla Handbook: A Guide to Correspondence Programs in the United States and Canada* ("*Prisoners' Guerilla Handbook*"), which provides prisoners information on enrolling at accredited higher educational, vocational, and training schools. HRDC is also the sole national distributor of *Protecting Your Health and Safety* ("*PYHS*"), which describes the rights, protections, and legal remedies available to prisoners concerning their incarceration.

B. **Defendants' Unconstitutional Policies and Practices**

19. Defendants' mail policy (the "Policy") states the following:

## Occupant Mail

Occupants are permitted to receive letters, non-Polaroid photographs (4 x 6 or less), cashier's checks, and money orders through the United States Postal Service.

Incoming occupant mail must be addressed as follows:

Full name of the occupant, booking number, housing unit, cell number
949 N 9th Street
Milwaukee, WI 53233

All incoming occupant mail must meet the following criteria:

1. Must have a return address including full name and full address, apartment number if applicable. Any mail that does not include this information will be returned to sender or confiscated.
2. Sent utilizing UPS, Federal Express or the United States Postal Service.
3. Publications or newspapers shall be accepted only if they are mailed directly from the authorized publishers or approved vendors to a named occupant. Pornographic and weapons related magazines are contraband, and delivery will be refused.
4. Books must be mailed from the following approved publisher only: Penguin Random House.
5. Any material sent that is deemed inappropriate will be considered contraband and will be destroyed.
6. Greeting cards of any kind are not permitted. If a greeting card is received, the occupant will receive a copy of the greeting card and then the greeting card will be secured in the occupant's property.
7. No packages will be accepted from online shopping stores.
8. Mail received for an occupant no longer in custody will be returned to the sender.

All incoming mail will be scanned for contraband prior to delivery.

The Policy is posted on the Milwaukee County, Wisconsin, webpage at https://county.milwaukee.gov/EN/Sheriff/Divisions/Detention-Services (accessed July 25, 2024). The Policy is both unconstitutional on its face and as applied.

20. By restricting all books and magazines not sent by publisher, Penguin Random House or approved vendors, Defendants ban books and magazines sent by HRDC to prisoners at the Jail. Accordingly, Defendants' publication policy and practice violates HRDC's rights under the Free Speech Clause of the First Amendment.

21. Furthermore, Defendants engage in policies and practices that fail to provide senders of censored mail notice and opportunity to appeal the censorship of the mail to the intended prisoner. Thus, such policies and practices violate HRDC's Fourteenth Amendment rights to due process.

22. Between January 10, 2021 and July 23, 2024, HRDC sent books, magazines, court rulings, informational brochures, and correspondence to individuals confined at the Jail.

6

23.     Between May 14, 2022 and April 9, 2024, fifty-eight (58) of those items were returned to the HRDC by the Jail. The items returned were addressed to individuals confirmed to still be in custody of the Jail on the day the HRDC received the returned mail.

24.     The fifty-eight (58) returned items consisted of: fifty-two (52) books (forty-three (43) *PYHS*, eight (8) *Prisoners' Guerilla Handbook*, and one (1) Prisoner's Self-Help Litigation Manual); two (2) copies of *Prison Legal News*; one (1) copy of *Criminal Legal News*; two (2) Info Packs (brochures about HRDC, magazines, and books); and one (1) piece of correspondence inquiring about potential censorship.

25.     Many of the rejected items were returned to HRDC marked "RETURN TO SENDER." Other items were not returned, and HRDC received no notice from the Jail that the items had been rejected.

26.     Defendants failed to provide HRDC any notice of opportunity to appeal these censorship decisions.

27.     Because of Defendants' actions as described above, HRDC has suffered damages, and will continue to suffer damages, including, but not limited to: the suppression of HRDC's speech; the impediment of HRDC's ability to disseminate its message; frustration of HRDC's non-profit organizational mission; the loss of potential subscribers and customers; and, the inability to recruit new subscribers and supporters.

28.     Defendants, and other agents of the Jail, are responsible for or personally participated in, creating and implementing these unconstitutional polices, practices, and customs, or for ratifying and adopting them. Further, Defendants are responsible for training and supervising the staff persons whose conduct has injured and continues to injure HRDC.

7

29. Defendants' actions and inactions were and are impermissibly motivated, and were and are all committed under color of law with deliberate indifference to HRDC's rights.

30. Plaintiff will continue to send its books and magazines to subscribers, customers, and other individuals imprisoned at the Jail.

31. Defendants' unconstitutional policy, practices, and customs continue to violate HRDC's rights, and they were and are the moving force behind the injuries HRDC suffered as a direct result of the constitutional violations. As a result, HRDC has no adequate remedy at law.

32. Without relief from this Court HRDC will suffer irreparable injury, since its fundamental free speech and due process rights are being denied. The balance of hardship favors Plaintiff and the public interest will be served by granting injunctive and declaratory relief.

33. The accommodation of the free speech and due process rights of HRDC with respect to written speech protected by the Constitution will not have any significant impact on the Jail, its staff, prisoners, or the public.

34. HRDC is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from refusing to deliver publications from HRDC and other senders not associated with publisher, Penguin Random House, without legal justification, and prohibiting Defendants from censoring mail without due process of law.

## CLAIMS

### COUNT I – 42 U.S.C. § 1983
### *Violation of the First Amendment (Free Speech)*

35. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. The acts described above constitute violations of HRDC's right to communicate with incarcerated individuals under the Free Speech Clause of the First Amendment.

8

37. Defendants' conduct was objectively unreasonable, arbitrary, and undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

38. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

39. Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to damage HRDC.

40. HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

**COUNT II – 42 U.S.C. § 1983**
*Violation of the Fourteenth Amendment (Due Process)*

41. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Because HRDC has a liberty interest in communicating with prisoners, HRDC has a right under the Due Process Clause of the Fourteenth Amendment to receive notice of and an opportunity to challenge Defendants' decision to censor HRDC's written speech.

43. Defendants' policies and practices fail to provide HRDC and other senders with adequate notice and an opportunity to be heard.

44. Defendants' conduct was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

9

45. HRDC's inquiries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

46. Defendants' acts described above have caused damages to the HRDC, and if not enjoined, will continue to cause damage to the HRDC.

47. HRDC seeks declaratory and injunctive relief, and nominal compensatory damages against all defendants. HRDC seeks punitive damage against the individual Defendants in their individual capacities.

## COUNT III – 42 U.S.C. § 1983
### *Violation of the Fourteenth Amendment (Vagueness)*

48. HRDC re-alleges and incorporates the allegations of Paragraph's 1 through 47 of the Complaint as if fully set forth herein.

49. Defendants' mail policy fails to provide a person of ordinary intelligence fair notice of what is prohibited or permitted, and includes contradictory provisions.

50. Defendants have enforced, or caused the enforcement of, the Jail's permissively vague and overbroad mail policy to reject HRDC's publications.

51. Defendants' enforcement of the mail policy has caused harm to HRDC by, among other things, preventing HRDC from sending its publications to prisoners held in the Jail.

52. HRDC seeks declaratory and injunctive relief, and nominal and compensatory damage against all Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

53. A declaration that Defendants' policies and practices violate the Constitution.

10

54. A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief.

55. Nominal damages for each violation of the HRDC's rights by the Defendants.

56. Compensatory damages in an amount to be proved at trial.

57. Punitive damages against the individual Defendants in an amount to be proved at trial.

58. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law.

59. Any other such relief that this Court deems just and equitable.

## JURY DEMAND

Plaintiff, Human Rights Defense Center, by and through its attorneys, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated:  August 2, 2024

Respectfully Submitted,

*/s/ Brian C. Spahn*
Brian C. Spahn
State Bar No. 1060080
Theresa M. Correa McMichen
State Bar No. 1122184
GODFREY & KAHN, S.C.
833 E. Michigan St., Suite 1800
Milwaukee, WI 53202
Telephone:  (414) 273-3500
Facsimile: (414) 273-5198
bspahn@gklaw.com
tcorreamcmichen@gklaw.com

Jonathan Picard*
Florida Bar No.: 105477
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, FL 33460
Telephone: (561) 360-2523

11

Facsimile: (561) 828-8166
jpicard@humanrightsdefensecenter.org

*Attorneys for Plaintiff Human Rights Defense Center*

**Pro hac vice* application to be filed

31587202.1

12