UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HUMAN RIGHTS DEFENSE CENTER,
a not-for-profit corporation,

    Plaintiff,

    v.                                                      Case No. 24-CV-981

MILWAUKEE COUNTY, WISCONSIN;
DENITA R. BALL, Sheriff, individually and in
her official capacity; and JOHN AND JANE
DOES 1-10, Staff, individually and in their
official capacities,

    Defendants.

---

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

---

The Human Rights Defense Center ("HRDC") in a not-for-profit charitable organization that provides incarcerated persons with publications about their legal and civil rights. HRDC sues Milwaukee County and Milwaukee County Sheriff Denita R. Ball (collectively, the "Defendants") alleging Defendants' polices and practices frustrate HRDC's mission by unconstitutionally prohibiting delivery of it publications to prisoners housed in the Milwaukee County Jail in violation of the First and Fourteenth Amendments. (Docket # 1.) HRDC moves for a preliminary injunction pursuant to Fed. R. Civ. P. 65 enjoining Defendants from unconstitutionally censoring HRDC's publications sent to incarcerated persons. (Docket # 3.) Defendants oppose the motion, arguing that a recent change to the County's policies renders HRDC's motion moot. (Docket # 19.) HRDC argues in reply that the policy change, made on the heels of this lawsuit, is insufficient to secure protection of

HRDC's constitutional rights. (Docket # 21.) For the reasons explained below, I find that Defendants' recent policy change does not moot HRDC's pending motion. However, the parties will be called upon to provide supplemental briefing on the preliminary injunction motion given the policy change.

## BACKGROUND

HRDC is a not-for-profit charitable organization whose purpose is to educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society. (Compl. ¶ 7.) The HRDC accomplishes its missions through advocacy, litigation, and the publication and distribution of books, magazines, and other information concerning prisons and prisoner rights. (*Id.*) HRDC has thousands of customers in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. (*Id.* ¶ 15.) Since its creation in 1990, HRDC has sent its publications to prisoners and librarians in more than 3,000 correctional facilities located across all fifty states, including the Federal Bureau of Prisons and various facilities within the State of Wisconsin, such as FCI Oxford, the Taylor County Jail, and numerous prisons run by the Wisconsin Department of Corrections. (*Id.*) HRDC publishes and/or distributes dozens of different softcover books about the criminal justice system, legal reference books, and self-help books of interest to prisoners. (*Id.* ¶ 18.) Their books are designed to foster a better understanding of criminal justice policies to allow prisoners to educate themselves about related issues, such as legal research, how to write a business letter, health care issues, and similar topics. (*Id.*)

As of July 25, 2024, Milwaukee County had the following mail policy posted on its website:

Occupant Mail

Occupants are permitted to receive letters, non-Polaroid photographs (4 x 6 or less), cashier's checks, and money orders through the United States Postal Service.

Incoming occupant mail must be addressed as follows:

Full name of the occupant, booking number, housing unit, cell number 949 N. 9th Street Milwaukee, WI 53233

All incoming occupant mail must meet the following criteria:

1. Must have a return address including full name and full address, apartment number if applicable. Any mail that does not include this information will be returned to sender or confiscated.
2. Sent utilizing UPS, Federal Express or the United States Postal Service.
3. Publications or newspapers shall be accepted only if they are mailed directly from the authorized publishers or approved vendors to a named occupant. Pornographic and weapons related magazines are contraband, and delivery will be refused.
4. Books must be mailed from the following approved publisher only: Penguin Random House.
5. Any material sent that is deemed inappropriate will be considered contraband and will be destroyed.
6. Greeting cards of any kind are not permitted. If a greeting card is received, the occupant will receive a copy of the greeting card and then the greeting card will be secured in the occupant's property.
7. No packages will be accepted from online shopping stores.
8. Mail received for an occupant no longer in custody will be returned to the sender.

All incoming mail will be scanned for contraband prior to delivery.

(*Id.* ¶ 19.) HRDC asserts that by restricting all books and magazines not sent by publisher Penguin Random House or approved vendors, Defendants ban books and magazines sent by HRDC to prisoners at the Milwaukee County Jail. (*Id.* ¶ 20.) Thus, HRDC alleges that Defendants' publication policy and practice violates HRDC's rights under the Free Speech Clause of the First Amendment. (*Id.*) HRDC further alleges that Defendants engage in policies and practices that fail to provide senders of censored mail notice and opportunity to

appeal the censorship of the mail to the intended prisoner, violating HRDC's Fourteenth Amendment rights to due process. (*Id.* ¶ 21.)

HRDC alleges that between January 10, 2021 and July 23, 2024, it sent books, magazines, court rulings, informational brochures, and correspondence to individuals confined at the Milwaukee County Jail. (*Id.* ¶ 22.) Between May 14, 2022 and April 9, 2024, fifty-eight those items were returned to the HRDC by the Jail. (*Id.* ¶ 23.) The items returned were addressed to individuals confirmed to still be in custody of the Jail on the day the HRDC received the returned mail. (*Id.*) The fifty-eight returned items consisted of: fifty-two books (forty-three *Protecting Your Health and Safety*, eight *Prisoners' Guerilla Handbook*, and one *Prisoner's Self-Help Litigation Manual*); two copies of *Prison Legal News*; one copy of *Criminal Legal News*; two Info Packs (brochures about HRDC, magazines, and books); and one piece of correspondence inquiring about potential censorship. (*Id.* ¶ 24.) HRDC alleges Defendants failed to provide it any notice of opportunity to appeal these decisions. (*Id.* ¶ 26.) HRDC alleges that it has suffered damages and will continue to suffer damages based on Defendants' actions. (*Id.* ¶ 27.)

Joshua Briggs, Commander of the Milwaukee County Jail, avers that as of October 3, 2024, the occupant mail policy was updated and the website now reads as follows regarding occupant mail:

Occupant Mail

Occupants are permitted to receive letters, non-Polaroid photographs (4 x 6 or less), cashier's checks, and money orders through the United States Postal Service.

Incoming occupant mail must be addressed as follows:

Full name of the occupant, booking number, housing unit, cell number
949 N. 9th Street

Milwaukee, WI 53233

All incoming occupant mail must meet the following criteria:

1. Must have a return address, including the sender's full name and full address, including apartment number, if applicable. Any mail that does not include this information will be returned to sender or confiscated.
2. Must be sent utilizing UPS, Federal Express or the United States Postal Service.
3. All periodicals, including newspapers and magazines, will be accepted only if they are mailed directly from the publisher to a named occupant.
4. Only books mailed directly from the publisher to a named occupant will be accepted. In addition, for a book to be accepted, the publisher must be confirmed by the Jail to be a bona fide book publisher, and books sent by a publisher with a confirmed history of sending contraband into custodial settings will be rejected.
5. All periodicals and books must be in soft cover to be accepted.
6. Any mail that is deemed to jeopardize the safety of staff, visitors, or occupants or otherwise pose an unreasonable disruption to the orderly operation of the Jail, including but not limited to any publications or books that contain pornographic or weapons-related content, will be rejected.
7. Greeting cards of any kind are not permitted. If a greeting card is received, the occupant will receive a copy of the greeting card, and the greeting card will be secured in the occupant's property.
8. No packages will be accepted from online shopping stores.
9. Mail received for an occupant no longer in custody will be returned to the sender.
10. When a book or periodical is rejected under this policy, notice will be sent both to the intended recipient and the publisher, notifying the intended recipient and the publisher of the reason or reasons for the rejection and that the publisher has the right to appeal the rejection in writing within fourteen (14) days to the Jail Commander or his or her designee. The intended recipient retains the right to appeal any such rejection of a book or periodical under the occupant grievance process. The Jail will hold any rejected book or periodical pending such an appeal.

All incoming mail will be scanned for contraband prior to delivery.

(Declaration of Joshua Briggs ("Briggs Decl.") ¶¶ 3–6, Ex. 2.) Briggs asserts that with the change in policy, soft-cover books and periodicals published by HRDC are now accepted

into the Milwaukee County Jail and if a book or periodical is rejected, the sender will receive notice and an opportunity to appeal. (*Id.* ¶¶ 3–4.)

ANALYSIS

    *1.    Whether Defendants' Voluntary Action Moots HRDC's Motion*

Defendants argue that the County's formal policy change regarding inmate mail moots HRDC's request for a preliminary injunction as now HRDC's soft-cover books and periodicals will be permitted into the Milwaukee County Jail so long as they comply with the other listed rules. (Defs.' Resp. ¶¶ 1–6, Docket # 19.) Defendants further argue that if a book or periodical is rejected, HRDC will now also receive written notice of the rejection and an opportunity to appeal. (*Id.*) HRDC argues that Defendants' policy change does not moot its motion because without a court order prohibiting Defendants' alleged censorship of HRDC's materials, there is no guarantee that Defendants will not revert to their old ways. (Pl.'s Reply Br., Docket # 21.) Furthermore, HRDC contends that the policy change does not permit *all* HRDC's books to be sent to Milwaukee County Jail inmates; rather, it only permits books where HRDC is the publisher. HRDC argues that its most frequently sent publication is *Protecting Your Health and Safety* and while HRDC is the sole national distributor, it is not the publisher. (*Id.* at 8.)

A defendant's voluntary cessation of a challenged practice does not automatically moot an injunction request. "The mootness burden is a heavy one, and the *defendant* must show that there is no reasonable expectation that the wrong will be repeated." *Wilk v. Am. Med. Ass'n*, 895 F.2d 352, 367 (7th Cir. 1990) (emphasis in original). Otherwise, "[w]ere the rule more forgiving, a defendant might suspend its challenged conduct after being sued, win dismissal, and later pick up where it left off; it might even repeat this cycle as necessary until

it achieves all of its allegedly unlawful ends." *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024) (internal quotations and citations omitted); *see also United States v. Oregon State Med. Soc.*, 343 U.S. 326, 333 (1952) ("It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is probability of resumption.").

Defendants have failed to meet their "heavy" burden that that there is no reasonable expectation that the wrong will be repeated. Defendants did not undertake to change its inmate mail policy until a represented plaintiff challenged it. As HRDC states, *pro se* prisoner plaintiffs in at least two cases in the past two years have challenged this policy, without triggering similar action from the County to revise its policy. *See, e.g.*, *Schroeder v. Thomas*, No. 23-cv-1245, 2024 WL 1285225 (E.D. Wis. Mar. 26, 2024); *Wade v. Milwaukee Cnty.*, No. 22-cv-743, 2022 WL 10590271 (E.D. Wis. Oct. 18, 2022). Furthermore, Defendants did not change their policy until *after* litigation began and HRDC moved for a preliminary injunction. And Defendants fail to address the merits of HRDC's injunction motion. This lends credence to HRDC's argument that the policy change went into effect merely to moot the pending motion. Finally, given the ease with which it appears Defendants were able to alter the policy and implement it, the policy's permanence remains suspect. *See Freedom From Religion Found., Inc. v. City of Green Bay*, 581 F. Supp. 2d 1019, 1028 (E.D. Wis. 2008) (noting that moratoriums made in response to litigation and with indefinite timeframes lacked any indicia of permanence). For these reasons, I find Defendants' actions do not moot HRDC's motion.

*2. HRDC's Motion for a Preliminary Injunction*

Although the preliminary junction motion is not moot, we are now dealing with a different factual scenario than when HRDC first filed its motion. And, as stated above, Defendants did not address the merits of the preliminary injunction motion. For these reasons, I will call upon the parties to submit additional briefing addressing the preliminary injunction standard considering Defendants' revised inmate mail policy.

HRDC correctly notes that when a prison regulation restricts a prisoner's First Amendment right to free speech, it is valid only if it is reasonably related to legitimate penological interests. *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). There are four factors that courts must consider in determining whether a prison regulation is constitutional: (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative means of exercising the right that remain open to the inmate; (3) what impact an accommodation of the asserted right will have on guards and other inmates; and (4) whether there are obvious alternatives to the regulation that show that it is an exaggerated response to prison concerns. *Id.*

In its reply brief, HRDC argues that Defendants' new policy does not adequately address HRDC's irreparable harm because the language of the new policy requires books be mailed directly from the publisher to be accepted. (Pl.'s Reply Br. at 7–8, Docket # 21.) In *Lindell*, the Seventh Circuit noted that the "Wisconsin Department of Corrections (DOC) has implemented a broad 'publishers only' rule—a policy of allowing inmates to receive published materials only from a publisher or other commercial source." 377 F.3d at 658. It further stated, however, that:

> There is no question that "publishers only" rules that restrict prisoners from receiving hardcover books from any noncommercial sources are reasonably related to a prison's interest in preventing contraband from being smuggled into the prison. *Bell v. Wolfish,* 441 U.S. 520, 555 (1979). Courts have extended the reasoning in *Bell* to other types of materials from noncommercial sources that could easily conceal smuggled contraband, such as magazines and softbound books.

*Id.* In addressing its likelihood of success on the merits, HRDC must address the cases finding that a "publishers only" rule is rationally related to a legitimate government objective. HRDC should also address whether the change in policy affects the "alternate means" element from *Turner*. For example, while HRDC contends that it is not the publisher of *Protecting Your Health and Safety*, does it assert that inmates are unable to request a copy directly from the publisher?

HRDC will have until November 12, 2024, to supplement its preliminary injunction motion. Defendants will have until December 3, 2024, to file a brief in response. HRDC will have until December 17, 2024, to file a reply, if any.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the parties must supplement their pleadings regarding Plaintiff's Motion for a Preliminary Injunction.

HRDC will have until November 12, 2024, to supplement its preliminary injunction motion. Defendants will have until December 3, 2024, to file a brief in response. HRDC will have until December 17, 2024, to file a reply, if any.

Dated at Milwaukee, Wisconsin this 29th day of October, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge